

FILED

NOV 2 8 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKWUMA E. AZUBUKO,<br><br>               Plaintiff,<br><br>   vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | CASE NO. 11-cv-2436 BEN (WVG)<br><br>**ORDER:**<br><br>**(1) DISMISSING ACTION WITH PREJUDICE**<br><br>**(2) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT**<br><br>[Docket No. 2] |

On October 14, 2011, *pro se* Plaintiff Chukwuma Azubuko filed a Complaint against the United States. Plaintiff also filed a motion to proceed *in forma pauperis*. (Docket No. 2.) The Court decides the matters on the papers submitted. For the reasons outlined below, the Court **DISMISSES** the action with prejudice and **DENIES** Plaintiff's motion to proceed *in forma pauperis* as moot.

## BACKGROUND

Plaintiff Chukwuma E. Azubuko previously filed several lawsuits in the United States District Court, District of Puerto Rico. Plaintiff alleges that the five district judges who presided over these actions—Judge Carmen C. Cerezo, Judge Gustavo A. Gelpi, Judge Salvador Casellas, Judge Aida Delgado-Colon, and Judge Francisco A. Besosa—incorrectly disposed of them. In particular, Plaintiff alleges that in *Azubuko v. Massachusetts' Board of Bar Overseers*, Case No. 07-CV-01916-CCC, an appeal was filed for which "nothing was done." (Compl. at 1.) *Azubuko v. Empire Insurance*

11cv2436

1   *Company*, Case No. 07-CV-01917-GAG, was transferred to Massachusetts "where it died a natural

2   death or never saw the light of the day without moral qualm." (Compl. at 1-2.) *Azubuko v. Gharoon*,

3   Case No. 07-CV-1688-ADC, and *Azubuko v. Campian*, Case No. 07-CV-01690-FAB, were dismissed

4   for improper venue.  Lastly, *Azubuko v. Martinez*, Case No. 07-CV-01596, was dismissed for

5   Plaintiff's failure to pay the filing fee.

6        The present action was filed on October 14, 2011.  (Docket No. 1.)  The Complaint asserts

7   nineteen claims: (1) deprivation of well-established Constitutional rights; (2) negligence; (3)

8   intentional infliction of emotional distress; (4) misprision of felony, 18 U.S.C. § 4; (5) conspiracy

9   against rights, 18 U.S.C. § 242; (6) deprivation of rights under color of law, 18 U.S.C. § 245; (7) *ultra*

10  *vires* conduct or *quo warranto*; (8) deliberate indifference; (9) unusual cruelty in violation of the

11  Eighth Amendment; (10) material misrepresentation of facts; (11) failure to train as a theory of Section

12  1983 claims; (12) trespassers of the law; (13) denial of equal rights under law, 42 U.S.C. § 1981; (14)

13  federally protected activities, 18 U.S.C. § 245; (15) fraud and swindles, 18 U.S.C. § 1341; (16) perjury

14  general, 18 U.S.C. § 1621; (17) racketeering activities, 18 U.S.C. § 1961; (18) torture, 18 U.S.C.

15  § 2340; and (19) pattern and practice, 18 U.S.C. § 14141.  The same day, Plaintiff filed a Motion to

16  Proceed *In Forma Pauperis*. (Docket No. 2.)  The only named defendant in this action is the United

17  States.  Plaintiff argues that the United States is vicariously liable for the district judges' conduct.

18                              **DISCUSSION**

19  I.   *SUA SPONTE* SCREENING AND DISMISSAL

20       A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under

21  28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is

22  frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

23  from a defendant immune from suit.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122,

24  1126–27 (9th Cir. 2000).  Having reviewed Plaintiff's Complaint, the Court finds that the pleading

25  fails to state a cognizable claim for relief.

26       The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6).

27  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Rule 12(b)(6), dismissal is appropriate

28  if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 556–57 (2007).  That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim.  *Id.* at 556.  Dismissal is also appropriate when the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  *Pro se* litigants are not "excused from knowing the most basic pleading requirements."  *Am. Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Here, Plaintiff's Complaint is legally insufficient because it fails to state a cognizable claim for relief.  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Before a court may exercise jurisdiction over any suit against the government, there must be "a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted).  Such a waiver of sovereign immunity cannot be implied, but "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Here, Plaintiff does not cite any statute that would waive the sovereign immunity of the United States, nor is the Court aware of any.

Even if the district judges—rather than the United States—were named as defendants, Plaintiff fares no better.  The five district judges are shielded from Plaintiff's claims by the doctrine of judicial immunity.  "[A] judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted).  Consequently, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly." *Id.* at 355-56 (internal quotation marks omitted).  The only relevant inquiry for determining whether a judge is immune from suit is "whether at the time he took the challenged action he had jurisdiction over the subject matter before him." *Id.* at 356.  Here, Plaintiff does not allege that the district judges did not have jurisdiction over his previous lawsuits, but rather disagrees with the manner in which they disposed of the lawsuits.

1        Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim for relief.  The

2   Complaint is, therefore, **DISMISSED WITH PREJUDICE**.

3     **II.**     **MOTION TO PROCEED *IN FORMA PAUPERIS***

4        Because Plaintiff's Complaint is dismissed, Plaintiff's motion to proceed *in forma pauperis*

5   is **DENIED** as moot.

6

7        **IT IS SO ORDERED.**

8

9   DATED: November 28, 2011

10                              HON. ROGER T. BENITEZ

                                  United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv2436